IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| NEILWOLDMAN, individually and on behalf of all similarly-situated persons, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| AMERICOLOR, LLC., PAUL HERSCHKOWITZ, MATTHEW HERSCHKOWITZ, and KORY HERSCHKOWITZ, individually | ) ) ) ) ) | NO. 3:18-cv-00151<br><br>JUDGE CAMPBELL<br>MAGISTRATE JUDGE<br>HOLMES |
| Defendants. | ) ) | |
| AMERICOLOR, LLC., PAUL HERSCHKOWITZ, MATTHEW HERSCHKOWITZ, and KORY HERSCHKOWITZ, individually | ) ) ) ) ) | |
| Third-Party Plaintiffs | ) ) | |
| v. | ) ) | |
| PAYCHEX PEO, II, LLC and ADP TOTALSOURCE, INC., | ) ) ) ) | |
| Third-Party Defendants. | ) | |

## MEMORANDUM

Pending before the Court is Third-Party Defendant Paychex PEO, II, LLC ("Paychex")'s Motion to Dismiss the Third-Party Complaint (Doc. No. 33) and Plaintiff's Motion for Conditional Certification, Approval of 29 U.S.C. § 216(b) Notice and Consent Forms, and to Order Disclosure of Contact Information for Current and Former Employees (Doc. No. 41). For the reasons discussed below, the Court **GRANTS** Third-Party Defendant Paychex's Motion to Dismiss and **GRANTS** Plaintiff's Motion for Conditional Certification, Approval of 29 U.S.C. § 216(b) Notice

1

and Consent Forms, and to Order Disclosure of Contact Information for Current and Former Employees.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. The Complaint

On February 14, 2018, Plaintiff commenced this action against his former employers AmeriColor, LLC ("AmeriColor"), Paul Herschkowitz, Matthew Herschkowitz, and Kory Herschkowitz (together "Defendants" or "Third-Party Plaintiffs"), pursuant to the collective action provision of the Fair Labor Standards Act ("FLSA") on behalf himself and all others similarly situated to him. (Doc. No. 1 ¶ 1). AmeriColor is a commercial printing company with its principal office in Nashville, Tennessee. (*Id.* ¶¶ 14-15). Plaintiff alleges that Defendants violated the FLSA by requiring or permitting their non-exempt employees, including Plaintiff, to routinely work more than 40 hours per week without overtime compensation. (*Id.* ¶¶ 17, 24). Defendants were required to pay their non-exempt employees a rate of time and one-half their regularly hourly pay rate for hours worked in excess of 40 hours per week. (*Id.* ¶¶ 28-29).

On July 31, 2018, Plaintiff filed a Motion for Conditional Certification, Approval of 29 U.S.C. § 216(b) Notice and Consent Forms, and to Order Disclosure of Contact Information for Current and Former Employees. (Doc. No. 41). Although Defendants have not opposed this motion, the Third-Party Defendants, discussed below, have. (Doc. No. 42). Defendants contend that Plaintiff and similarly situated employees are exempt from the FLSA's overtime requirements pursuant to the Creative Professional Exemption. (*See* Doc. No. 10 at 1-2).

### B. The Third-Party Complaint

On March 17, 2018, Defendants filed a third-party complaint against Paychex, Oasis Outsourcing, Inc. ("Oasis"), and ADP TotalSource, Inc. ("ADP" and together with Paychex

"Third-Party Defendants"). (Doc. No. 10). Third-Party Defendants are fee based staffing agencies, which Third-Party Plaintiffs used and through which Plaintiff and others similarly situated received their paychecks. (*Id.* at 5). Third-Party Defendants interviewed all AmeriColor employees to ascertain the company's employee structure and payroll methodology, including FLSA compliance. (*Id.* at 5-6).

Third-Party Defendants represented to Third-Party Plaintiffs that the use of a third-party staffing agency, through an employee leasing structure, would mitigate liability by assuming the responsibilities and liabilities incident to being an employer. (*Id.* at 5). Third-Party Plaintiffs relied upon Third-Party Defendants to inform them of any policy or procedure not in compliance with the FLSA. (*Id.* at 6). Third-Party Plaintiffs claim they are entitled to full contribution and indemnification from Third-Party Defendants for all damages awarded in this litigation to Plaintiff and other similarly situated individuals. (*Id.*).

Third-Party Plaintiffs dismissed Oasis from the case on May 24, 2018. (Doc. No. 19). Paychex has moved to dismiss the third-party complaint against it. (Doc. No. 33).

## II. STANDARD OF REVIEW

### A. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6), permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft*, 556 U.S. at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. Plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action" to establish the plausibility required to "unlock the doors of discovery." *Id.* at 678.

### B. FLSA Conditional Certification Standard

The FLSA provides a collective action may be maintained against any employer by one or more employees for and on behalf of themselves and other employees similarly situated. 29 U.S.C. § 216(b). Because the FLSA only requires that employees be "similarly situated," plaintiffs seeking to certify a collective action under the FLSA face a lower burden than those seeking to certify a class action under Federal Rule of Civil Procedure 23. *O'Brien v. Ed Donnelly Enters.*, 575 F.3d 567, 584 (6th Cir. 2009). Also, unlike class actions under Federal Rule of Civil Procedure 23, FLSA collective actions require similarly-situated employees to "opt-in" as party plaintiffs. 29 U.S.C. § 216(b).

Although the FLSA does not define the term "similarly situated," the Sixth Circuit has noted that courts have considered the "'factual and employment settings of the individual[ ] plaintiffs, the different defenses to which the plaintiffs may be subject on an individual basis, [and] the degree of fairness and procedural impact of certifying the action as a collective action.'" *O'Brien*, 575 F.3d at 584 (quoting 7B Wright, Miller, & Kane, *Federal Practice and Procedure* § 1807 at 497 n.65 (3d ed. 2005)) (alterations in original). "[I]t is clear that plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *Id.* at 585. Employees may also be similarly situated if their claims are merely "unified by common theories

4

of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *Id.* Indeed, "[s]howing a 'unified policy' of violations is not required." *Id.* at 584.

Typically, courts employ a two-phase inquiry to address whether the named plaintiffs are similarly situated to the employees they seek to represent. *White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 877 (6th Cir. 2012); *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). "The first [phase] takes place at the beginning of discovery. The second occurs after all of the opt-in forms have been received and discovery has concluded." *Comer*, 454 F.3d at 546 (internal quotation marks and citation omitted).

At the first stage, the plaintiff bears the burden of showing that employees in the class are similarly situated. *Benson v. Asurion Corp.*, No. 3:10-cv-526, 2010 WL 4922704, at *2 (M.D. Tenn. Nov. 29, 2010). Conditional certification need only be based on a modest factual showing, and district courts should use a fairly lenient standard that typically results in certification. *Comer*, 454 F.3d at 547. At the first stage, the court does not resolve factual disputes, decide substantive issues related to the merits of the case, or make credibility determinations. *Roberts v. Corrections Corp. of Am.*, No. 3:14-cv-2009, 2015 WL 3905088, at *10 (M.D. Tenn. June 25, 2015).

"[T]he certification is conditional and by no means final." *Comer*, 454 F.3d at 546. After discovery, the defendant may move for decertification of the conditional class, which triggers the second phase of the court's review. *See O'Brien*, 575 F.3d at 583. At this second stage, the court has access to more information and employs a "stricter standard" in deciding whether class members are, in fact, similarly situated. *Comer*, 454 F.3d at 547.

## III. ANALYSIS

### A. Paychex's Motion to Dismiss

Third-Party Defendant Paychex moves to dismiss the third-party complaint against it. Third-Party Plaintiffs allege that they are entitled to "full contribution and indemnification from Third-Party Defendants . . . for any and all damages awarded in this litigation." (Doc. No. 10 at 6). Paychex argues that the third-party complaint against it should be dismissed because there is no right of indemnification or contribution under the FLSA. Third-Party Plaintiffs have not filed a response opposing this argument.

Although the Sixth Circuit has not addressed the issue of contribution and indemnification in FLSA cases, courts have routinely dismissed these claims.[1] Many of these cases have, at least in part, relied on the rationale the Second Circuit discussed in *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132 (2d Cir. 1999). *See, e.g.*, *Strauss v. Italian Vill. Rest., Inc.*, No. 1:11-cv-03202, 2012 WL

---

[1] *See, e.g.*, *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 144 (2d Cir. 1999) (employers found liable under the FLSA have no right of contribution or indemnification); *Lyle v. Food Lion, Inc.*, 954 F.2d 984, 987 (4th Cir. 1992) (defendant's indemnity claim for its own FLSA violation is not allowed under the FLSA); *LeCompte v. Chrysler Credit Corp.*, 780 F.2d 1260, 1264 (5th Cir. 1986) (noting that allowing indemnity actions in FLSA claims against supervisors would create a conflict with the Supremacy Clause, undermine employers' incentive to follow the Act, and differentiate employees entitled to receive overtime pay in a way which otherwise does not exist under the statute); *Strauss v. Italian Vill. Rest., Inc.*, No. 1:11-cv-03202, 2012 WL 5389746, at *4 (N.D. Ill. Nov. 2, 2012) (dismissing indemnity claims against third-party consultants and finding "[t]here is nothing in the FLSA . . . that allows employers to bring an action against a third party to avoid its statutory responsibilities under [the FLSA, which] . . . only allow[s] actions against employers as that term has been defined"); *Finke v. Kirtland Cmty. Coll. Bd. of Trustees*, 359 F. Supp. 2d 593, 601 (E.D. Mich. 2005) ("[A]lthough Silverman could be considered a co-employer of the principal plaintiff, he has not been named as a co-defendant and he may not be impleaded by Kirtland or its Board because no right of contribution or indemnity is recognized under the FLSA."); *Gustafson v. Bell Atl. Corp.*, 171 F. Supp. 2d 311, 328 (S.D.N.Y. 2001) ("Whether or not [the company] breached a contractual obligation [to comply with federal and state wage laws], defendants' attempt to recover damages from [the company] for overtime violations is an attempt to receive indemnification for FLSA liability . . . Allowing indemnification in cases such as this would permit employers to contract away their obligations under the FLSA, a result that flouts the purpose of the statute.").

5389746, at *4 (N.D. Ill. Nov. 2, 2012); *Finke v. Kirtland Cmty. Coll. Bd. of Trustees*, 359 F. Supp. 2d 593, 599-601 (E.D. Mich. 2005); *Gustafson v. Bell Atlantic Corp.*, 171 F. Supp. 2d 311, 328 (S.D.N.Y. 2001). The *Herman* Court held that there is no right of contribution or indemnification for employers found liable under the FLSA because: (1) the FLSA's text contains no provision for contribution or indemnification; (2) the purpose of the FLSA was to benefit employees, not employers; (3) the FLSA has a comprehensive remedial scheme, courts should not engraft additional remedies; and (4) the FLSA's legislative history is silent on the right to contribution or indemnification. *Herman*, 172 F.3d at 144.

The Court sees no reason why this case warrants a different result. Third-Party Plaintiffs have not presented the Court with any authority, nor is the Court aware of any binding precedent, to support the position that there is a right of contribution or indemnification for employers found liable under the FLSA. In addition, the Court finds *Herman*'s rationale persuasive. Accordingly, the third-party complaint against Paychex is dismissed with prejudice.[2]

### B. Plaintiff's Motion for Conditional Certification, Approval of 29 U.S.C. § 216(b) Notice and Consent Forms, and to Order Disclosure of Contact Information for Current and Former Employees

#### 1. Conditional Certification

Plaintiff moves for conditional certification of a collective action and requests the scope of the putative class consist of all employees who have worked as pre-press operators, designers, pressmen, binders, and shippers, or those who performed similar duties, who did not receive overtime pay from February 14, 2015 through the present. In support of his motion, Plaintiff cites to the complaint and attaches his own declaration. His declaration states that he worked as a pre-

---

[2] Because the Court dismisses the third-party complaint against Paychex on the aforementioned basis, the Court need not address Paychex's additional arguments regarding the Client Service Agreement.

7

press operator and consistently worked over 40 hours per week without overtime compensation as required under the FLSA.[3] (*See* Doc. No. 41-4 ¶¶ 5-6). Plaintiff further testifies that he believes other pre-press operators did not receive overtime pay when they worked more than 40 hours in a week and that "Defendants had a common policy of not paying overtime pay to pre-press operators . . . designers, pressmen, binders, and shippers." (*Id.* ¶¶ 7-9). Last, Plaintiff testifies that the duties of pre-press operators, designers, pressmen, binders, and shippers were not creative and therefore these individuals were not exempt from the FLSA's overtime pay requirement. (*Id.* ¶ 10).

Third-Party Defendants present two arguments against conditional certification. First, Third-Party Defendants argue that Plaintiff has not shown that he and other potential class members are similarly situated. The Court disagrees. Plaintiff testifies that Defendants had a common policy of not paying overtime to pre-press operators, designers, pressmen, binders, and shippers who Defendants misclassified as exempt from overtime pay requirements. Plaintiff outlines a single, FLSA-violating policy, thereby satisfying the requirements of conditional certification of a collective action. *See O'Brien*, 575 F.3d at 585.[4]

---

[3] The FLSA provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in . . . the production of goods for commerce . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

[4] Third-Party Defendants also assert Plaintiff must show the existence of a common policy or scheme that actually violated the law. However, now is not the time for that showing. *See Patton v. ServiceSource Delaware, Inc.*, No. 3:15-01013, 2016 WL 4441424, at *2 (M.D. Tenn. Aug. 23, 2016) ("No doubt, for the collective action to continue, it will be incumbent upon Plaintiffs to prove, not only that an FLSA violation occurred, but also that this was as a result of a common practice or policy of Defendant. But the time for making that showing is not now."). Likewise,

Second, Third-Party Defendants argue that Plaintiff's motion must be denied because it is solely based on his own conclusory declaration.[5] "Although conclusory declarations alleging only that a defendant violated the FLSA are inadequate for conditional certification, affidavits providing some factual basis for establishing FLSA violations may be sufficient." *Harris v. NPC Int'l, Inc.*, No. 13-1033, 2016 WL 4435258, at *3 (W.D. Tenn. Aug. 22, 2016). The Court agrees with Third-Party Defendants that Plaintiff's declaration and allegations in the complaint could be more specific and provide additional facts. Albeit a close call, the Court finds Plaintiff's declaration provides a basis for his personal knowledge of Defendants' policy and practice, which impacted the proposed collective action members in a similar manner. In light of the modest factual showing required at this stage, and because Defendants have not opposed conditional certification, the Court finds that Plaintiff's evidence is sufficient for conditional certification of the collective action. Accordingly, the Court grants Plaintiff's Motion for Conditional Certification.

### 2. Disclosure of Potential Plaintiffs and Approval of Notice and Consent Forms

Courts have authority to supervise the issuance of notice in FLSA collective actions, with the objective of "manag[ing] the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure." *See Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). Plaintiff

---

Third-Party Defendant's argument regarding individualized proof fails for the same reason. Third-Party Defendants cannot overcome Plaintiff's showing at the notice stage by arguing that individual issues may dominate. *Bradford v. Logan's Roadhouse, Inc.*, 137 F. Supp. 3d 1064, 1077 (M.D. Tenn. 2015). After the notice period, however, Third-Party Defendants may move to decertify the class if it appears individual issues do in fact dominate. *Id.*

[5] In support of this argument, Third-Party Defendants rely on *Bacon v. Eaton Aeroquip, L.L.C.*, No. 11-CV-14103, 2012 WL 6567603 (E.D. Mich. Dec. 17, 2012), which the Court finds distinguishable. In *Bacon*, the court used a more exacting review of the plaintiffs' factual support in deciding whether to grant conditional certification because the parties had completed four months of discovery. *Id.* at *3.

has requested that the Court: (1) require Defendants to provide him with the names, last known mailing and e-mail addresses, and telephone numbers for all current and former individuals who worked as pre-press operators, designers, pressmen, binders, and shippers from February 14, 2015 through the present; (2) direct the issuance of his proposed notice and consent forms to all potential class members (*see* Doc. Nos. 41-2, 41-3); and (3) order that the Notice be prominently posted at Defendants' office locations, attached to current employees' next scheduled paycheck, and mailed and e-mailed to current and former employees in the prospective class. Third-Party Defendants did not raise any objection to these requests in their response.

In regard to the first request, Plaintiff states that Defendants have already produced this list and asks Defendants to confirm that this list includes all potential class members. The Court orders Defendants to confirm with Plaintiff that they have provided an accurate list within fourteen days of the entry of this Memorandum and the accompanying Order.

In regard to the second request, the Court has reviewed the proposed Notice and Consent forms and hereby approves the proposed notice and consent forms (Doc. Nos. 41-2, 41-3). The Plaintiff shall issue the forms, inserting only the necessary date(s) and correcting any typographical errors. Counsel must ensure that all consent forms are filed with the Court within 90 days of the entry of this Memorandum and the accompanying Order.

In regard to the third request, the Court orders that the Notice be prominently posted at Defendants' office locations, attached to current employees' next scheduled paycheck, and mailed and e-mailed to current and former employees in the prospective class. "[C]ourts within the Sixth Circuit have routinely approved dual notification through regular mail and email." *Evans v. Caregivers, Inc.*, Case No. 3:17-cv-0402, 2017 WL 2212977, at *7 (M.D. Tenn. May 19, 2017) (citing *Williams v. King Bee Delivery, LLC*, No. 5:15-cv-306, 2017 WL 987452, at *7 (E.D. Ky.

Mar. 14, 2017); *Fenley v. Wood Grp. Mustang*, Inc., 170 F. Supp. 3d 1063, 1074 (S.D. Ohio 2016)). "They also have required that employers post the notice at a conspicuous location in their facilities . . . and provide copies with employees' paychecks[.]" *Evans*, 2017 WL 2212977, at *7 (citing *Jowers v. NPC Int'l, Inc.*, No. 13-1036, 2016 WL 7238963, at *8 (W.D. Tenn. Dec. 13, 2016); *Brown v. Consol. Rest. Operations, Inc.*, No. 3:12-00788, 2013 WL 4804780, at *7 (M.D. Tenn. Sept. 6, 2013)).

## IV. CONCLUSION

For the foregoing reasons, Third-Party Defendant Paychex's Motion to Dismiss the Third Party Complaint (Doc. No. 33) is **GRANTED** and the third-party complaint against Paychex is **DISMISSED WITH PREJUDICE**. Plaintiff's Motion for Conditional Certification, Approval of 29 U.S.C. § 216(b) Notice and Consent Forms, and to Order Disclosure of Contact Information for Current and Former Employees (Doc. No. 41) is **GRANTED**. The parties shall also comply with the Court's additional orders regarding the disclosure of contact information and notice and consent forms set forth in this Memorandum.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE